UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN HOYLE, | ) |
| Plaintiff, | ) |
| | ) Case No.: 3:10-CV-03326 |
| vs. | ) JUDGE MICHAEL M. MIHM |
| FREDERICK J. HANNA & ASSOCIATES, PC, | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Defendant, FREDERICK J. HANNA & ASSOCIATES, PC, by and through its attorney, DAVID M. SCHULTZ, and for its Answer to Plaintiff's Verified Complaint and Demand for Jury Trial, states as follows:

### INTRODUCTION

**1.** Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

ANSWER:   **Defendant admits Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act, but denies it violated the FDCPA or any other law.**

### JURISDICTION AND VENUE

**2.** Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

ANSWER:   **Defendant admits jurisdiction in this court is proper.**

3. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

ANSWER: **Defendant admits it conducts business in the state of Illinois and admits that personal jurisdiction exists.**

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

ANSWER: **Defendant admits venue proper.**

## PARTIES

5. Plaintiff is a natural person who resides in the Bourbonnais, County of Kankakee, State of Illinois, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

ANSWER: **Upon reasonable inquiry, the information known or readily available to the defendant renders it unable to admit or deny the truth of falsity of the information contained in Paragraph 5 because it does not know where the plaintiff currently resides or the nature of the plaintiff's underlying debt.**

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company with a business office in the City of Marietta, State of Georgia.

ANSWER: **Defendant admits that it has a business office in the City of Marietta, in the State of Georgia.**

7. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

ANSWER:   **Defendant admits that it is a "debt collector" as defined by 15 U.S.C. 1692a(6) in many instances and for many purposes. Defendant states that upon reasonable inquiry, the information known or readily available to it renders it unable to answer whether it was a "debt collector" as defined by the FDCPA with respect to the plaintiff because it is unable to identify the nature of the plaintiff's underlying debt. Defendant denies the remainder of the allegations contained in paragraph 7, if any.**

## FACTUAL ALLEGATIONS

8.   Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

ANSWER:   **Defendant admits that it called the plaintiff in an effort to collect money that the plaintiff owes. Defendant denies that the remaining allegations contained in Paragraph 8 accurately characterize the manner in which those calls were made.**

9.   Defendant called Plaintiff on a daily basis for approximately two (2) months.

ANSWER:   **Defendant denies the allegations contained in Paragraph 9.**

10.   Defendant calls Plaintiff on his cellular telephone, at 781-264-7048, on his work telephone at, 617-607-1411, and on his parents' home telephone, at 781-826-9008.

ANSWER:   **Defendant admits that it called each of these telephone numbers. However, Defendant states that upon reasonable inquiry, the information known or readily available to it renders it unable to answer whether these numbers were Plaintiff's cellular, work and parents' home telephone numbers.**

11. Defendant calls Plaintiff, from 866-375-4232, 770-988-9055 and from a telephone number that appears as "91" on Plaintiffs work phone caller ID (see Exhibit A).

ANSWER: **Defendant admits that it called the Plaintiff from 866-375-4532 and from 770-998-9055. However, Defendant states that upon reasonable inquiry, the information known or readily available to it renders it unable to answer whether any number appeared as "91" on Plaintiff's work phone caller ID.**

12. Defendant calls plaintiff's parents and leaves messages informing that the call is from a debt collector (see Exhibit B).

ANSWER: **Defendant denies the allegations contained in Paragraph 12.**

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. 1692 ET SEQ.

13. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

ANSWER: **Defendant incorporates its responses to paragraphs 1 to 12 as responses to paragraphs 1 to 12 and 13 of Count I.**

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated §1692c(b) of the FDCPA by leaving a message on Plaintiff's parent's answering machine disclosing that the call is from a debt collector.

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

130055068v1 0919560 46181

      d.      Defendant violated §1692e(1 0) of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant calls Plaintiff from a telephone number that appears as "91" on Plaintiff's work phone caller ID.

ANSWER:   **Defendant denies the allegations contained in Paragraph 14, specifically denying each of subparagraphs a through d.**

15.    WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

16.    Statutory damages of $1000.00 pursuant to the FDCPA, 15 U.S.C. 1692k.

ANSWER:   **Defendant denies the allegations contained in Paragraph 16 and states that because it did not violate the FDCPA, Plaintiff is not entitled to statutory damages.**

17.    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

ANSWER:   **Defendant denies the allegations contained in Paragraph 17 and states that because it did not violate the FDCPA, Plaintiff is not entitled to costs and reasonable attorney's fees.**

18.    Any other relief that this court deems to be just and proper.

ANSWER:   **Defendant denies the allegations contained in Paragraph 18, and states that Plaintiff is not entitled to any relief.**

## AFFIRMATIVE DEFENSES
### First Affirmative Defense

1.    Any violation of the Fair Debt Collection Practices Act, which defendant denies occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

130055068v1 0919560 46181

6

WHEREFORE, Defendant, Fredrick J. Hanna & Associates, P.C., respectfully requests that the Court dismiss the Complaint in its entirety and grant such other and further relief in its favor as the Court deems just and proper.

                                              Fredrick J. Hanna & Associates, PC

                                              By:  s/David M. Schultz
                                                    One of its Attorneys

David M. Schultz, Esq.
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois  60601
(312) 704-3000
Fax:  (312) 704-3001
dschultz@hinshawlaw.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**CERTIFICATE OF SERVICE**
**3:10 CV 03326**

I hereby certify that, on February 7, 2011**,** I electronically filed the above and foregoing Answer on behalf of Defendant, Fredrick J. Hanna & Associates, P.C., via the Court's ECM/CF system which will cause electronic notification of this document referenced herein to be sent to counsel of record.

/s/David M. Schultz
Attorney for Defendant,
Frederick J. Hanna & Associates, P.C.

David M. Schultz, Esq.
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Firm No.:  90384
dschultz@hinshawlaw.com

Plaintiff Counsel:
Michael S. Agruss
KROHN & MOSS LTD
10474 Santa Monica Blvd, 4th Floor
Los Angeles, CA  90025
magruss@consumerlawcenter.com